UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIZABETH BURKE,

    Plaintiff,

v.                                                                                                    Case No. 8:23-cv-415-CPT

MARTIN O'MALLEY,
Commissioner of Social Security,[1]

    Defendant.
_____/

**O R D E R**

    The Plaintiff seeks judicial review of the Commissioner's denial of her claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). For the reasons discussed below, the Commissioner's decision is reversed, and the case is remanded.

I.

    The Plaintiff was born in 1959, obtained a bachelor's degree, and has past relevant work experience as a teacher aide. (R. 43, 1146–47). In October 2018, the Plaintiff applied for DIB and SSI, alleging disability as of October 2015 due to

---

[1] Mr. O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Federal Rule of Civil Procedure 25(d), Mr. O'Malley is substituted for the former Acting Commissioner, Kilolo Kijakazi, as the Defendant in this suit.

scoliosis, asthma, fibromyalgia, diabetes, depression, anxiety, lymphedema, arthritis, gout, chronic fatigue, back pain, hiatal (i.e., stomach) hernia, irritable bowel syndrome, cholesterol and thyroid problems, chronic obstructive pulmonary disease, radiation-induced lung damage, chemotherapy-induced hair loss, a prior history of breast cancer, and muscle cramps due to low magnesium. (R. 66–95). The Social Security Administration (SSA) denied the Plaintiff's applications both initially and on reconsideration. (R. 96–99, 132–35).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter in April 2020. (R. 155–56, 1140–91). The Plaintiff was represented by counsel at that proceeding and testified on her own behalf. (R. 1140–91). A vocational expert (VE) also testified. (R. 1184–89).

In a decision issued in July 2020, the ALJ found that the Plaintiff: (1) had engaged in substantial activity during 2016; (2) had the severe impairments of arthritis, fibromyalgia, and scoliosis; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listings;[2] (4) had the residual functional capacity (RFC) to perform light work subject to some restrictions; and (5) based on the VE's testimony, could engage in her past relevant

---

[2] The listings are found at 20 C.F.R. Pt. 404, Subpt. P, App'x 1, and catalog those impairments that the SSA considers significant enough to prevent a person from performing any gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). When a claimant's affliction matches an impairment in the listings, the claimant is automatically entitled to disability benefits. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *Edwards v. Heckler*, 736 F.2d 625, 628 (11th Cir. 1984).

work as a teacher aide as that job is generally performed. (R. 33–49). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 44).

The Appeals Council denied the Plaintiff's request for review. (R. 24–29). Accordingly, the ALJ's decision became the final decision of the Commissioner. *Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1313 (11th Cir. 2021) (citation omitted).

## II.

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a).[3] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

To determine whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (per curiam) (citing 20 C.F.R. § 404.1520(a)(4)).[4] Under this process, an ALJ must assess whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe

---

[3] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.
[4] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

impairment that meets or equals one of the listings; (4) has the RFC to engage in her past relevant work; and (5) can perform other jobs in the national economy given her RFC, age, education, and work experience. *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004), *superseded on other grounds by* 20 C.F.R. § 404.1520c; 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). Although the claimant bears the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1278–79 (11th Cir. 2020) (citation omitted); *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (per curiam) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove she cannot engage in the work identified by the Commissioner. *Goode*, 966 F.3d at 1279 (citation omitted). In the end, "'the overall burden of demonstrating the existence of a disability . . . rests with the claimant.'" *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided the Commissioner has issued a final decision on the claimant's disability application after a hearing. 42 U.S.C. § 405(g). Judicial review is confined to determining whether the Commissioner applied the correct legal standards and whether the decision is buttressed by substantial evidence. *Id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (per curiam) (citation omitted). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019) (internal quotation marks and citations omitted). In evaluating whether substantial evidence bolsters the Commissioner's decision, a court may not decide the facts anew, reweigh the evidence, or make credibility determinations. *Viverette*, 13 F.4th at 1314 (citation omitted); *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam)). Further, while a court will defer to the Commissioner's factual findings, it will not defer to his legal conclusions. *Viverette*, 13 F.4th at 1313–14; *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

### III.

The Plaintiff raises five challenges on appeal: (1) the ALJ misclassified the Plaintiff's past relevant work as a teacher aide and improperly found that the Plaintiff could perform it; (2) the ALJ misread the opinion of a state agency physician, Dr. Jolita Burns, which resulted in the ALJ's RFC determination and a hypothetical she posed to the VE being incomplete; (3) the ALJ did not adequately address the Plaintiff's fibromyalgia in her RFC determination; (4) the ALJ's findings regarding the Plaintiff's mental limitations are not sufficiently supported by the record; and (5) the ALJ "circumvented" the application of the Medical Vocational Guidelines (known as the grids) in arriving at the conclusion that the Plaintiff was not disabled. (Doc. 16). After careful review of the parties' submissions and the record, the Court finds the Plaintiff's second challenge has merit and alone warrants remand.

As noted above, the ALJ's task at step four is to determine a claimant's RFC and her ability to engage in her past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545, 416.920(a)(4)(iv), 416.945.  To do so, the ALJ must decide given all the pertinent evidence before her what a claimant can do in a work setting despite any physical or mental limitations caused by the claimant's impairments and related symptoms. *Id*. In making this finding, an ALJ must consider all medical opinions and prior administrative medical findings in a claimant's case record, together with the other relevant evidence. *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962 (11th Cir. 2015) (per curiam) (citing 20 C.F.R. § 404.1527(b)); 20 C.F.R. §§ 404.1513a(b)(1), 416.913a(b)(1).

A medical opinion is a statement from a physician or other acceptable medical source concerning what a claimant may be able to do despite her impairments; whether the claimant is limited in her capacity to perform various work activities; and whether the claimant can see, hear, or use her other senses or "adapt to environmental conditions, such as temperature extremes or fumes." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2)(i).  A prior administrative medical finding, on the other hand, is a finding that pertains to "a medical issue made by [the SSA's f]ederal and [s]tate agency medical and psychological consultants at a prior level of review[,]" but that does not constitute an "ultimate determination about whether [the claimant is] disabled[.]" 20 C.F.R. §§ 404.1513(a)(5), 416.913(a)(5).

The Regulations governing the evaluation of medical evidence, including medical opinions and prior administrative medical findings, were amended for

disability applications filed on or after March 27, 2017, as this one was. 20 C.F.R. §§ 404.1520c, 416.920c; *Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1104 n.4 (11th Cir. 2021). The ALJ now determines the persuasiveness of a medical opinion and prior administrative medical finding instead of generally basing their weight on the source or consultant who offered the opinion or finding. *Compare* 20 C.F.R. §§ 404.1527, 416.927 *with* 20 C.F.R. §§ 404.1520c, 416.920c. In conducting this analysis, an ALJ must consider the following five factors: (1) supportability; (2) consistency; (3) the source or consultant's relationship with the claimant; (4) the source or consultant's area of specialization; and (5) any other pertinent factors "that tend to support or contradict a medical opinion" or a prior administrative medical finding, such as whether the source or consultant is familiar with the other record evidence or has "an understanding of [the SSA's] disability program's policies and evidentiary requirements." *Id.* §§ 404.1520c(c), 416.920c; *see also Nixon v. Kijakazi*, 2021 WL 4146295, at *3 (M.D. Fla. Sept. 13, 2021) (citation omitted).

Of these factors, supportability and consistency are the most important. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2); *Nixon*, 2021 WL 4146295, at *3 (citation omitted). Supportability addresses the extent to which a medical source or consultant has articulated record evidence bolstering her own opinion or finding, while consistency deals with whether a medical source or consultant's opinion or finding conforms to other evidence in the record. 20 C.F.R. §§ 404.1520c(c)(1), 404.1520c(c)(2), 416.920c(c)(1), 416.920c(c)(2); *Vachon v. Comm'r of Soc. Sec.*, 2022 WL 458604, at *4 (M.D. Fla. Feb. 15, 2022); *Barber v. Comm'r of Soc. Sec.*, 2021 WL

7

3857562, at *3 (M.D. Fla. Aug. 30, 2021) (citation omitted). The amended Regulations require an ALJ to discuss supportability and consistency but do not obligate her to describe how she evaluated the other three factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2); *Freyhagen v. Comm'r of Soc. Sec. Admin.*, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) (citation omitted). In the end, the amended Regulations—like their predecessors—do not preclude an ALJ from rejecting any medical opinion or prior administrative medical finding if the evidence buttresses a contrary assessment. *Freyhagen*, 2019 WL 4686800, at *2 (citing *Wainwright v. Comm'r of Soc. Sec. Admin.*, 2007 WL 708971, at *2 (11th Cir. Mar. 9, 2007) (per curiam); *Syrock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam)).

In this case, Dr. Burns—a non-treating, non-examining state agency medical consultant—assessed the Plaintiff's capabilities as part of the SSA's initial review of the Plaintiff's DIB and SSI applications. (R. 75, 91). As pertinent here, Dr. Burns determined that the Plaintiff could frequently lift and/or carry ten pounds, stand and/or walk (with normal breaks) for a total of about six hours in an eight-hour workday, and sit (with normal breaks) for no more than a total of *five hours*. (R. 75, 90). On reconsideration, another state agency medical consultant, Dr. Andrew Scanameo, similarly determined that the Plaintiff could lift and/or carry ten pounds frequently and stand and/or walk (with normal breaks) for six hours in an eight-hour workday. (R. 109, 125). Unlike Dr. Burns, however, Dr. Scanameo opined that the Plaintiff could sit (with normal breaks) for "[a]bout [*six]* hours in an [eight]-hour workday." (R. 109, 125) (emphasis added).

8

The ALJ did not discuss Dr. Burns's opinion that the Plaintiff could sit for only five hours. (R. 42, 90). Instead, the ALJ characterized Dr. Burns and Dr. Scanameo as having reached the same assessment relative to the Plaintiff's ability to sit, without acknowledging that Dr. Burns recommended a more limited time frame. (R. 42). Seemingly relying on that misreading of Dr. Burns' findings, the ALJ concluded that Dr. Burns and Dr. Scanameo's opinions were "persuasive" as they were "consistent with the evidence of record." (R. 42–43). In particular, the ALJ reasoned:

> With regard to the opinion evidence, the undersigned has considered the determination of the non-examining medical consultants, Dr. Burns and Dr. Scanameo, with the Disability Determination Service. Dr. Burns and Dr. Scanameo opined that the [Plaintiff] could lift and/or carry [twenty] pounds occasionally and [ten] pounds frequently. *They further opined that the [Plaintiff] could sit for approximately [six] hours and stand/walk for [six] hours in an [eight]-hour work-day.* . . . . The undersigned notes that [a] medical consultant is a non-treating, non-examining medical source. Their opinion[s are] based upon a thorough review of the available medical records and a comprehensive understanding of agency rules and regulations. The undersigned finds these opinions persuasive as consistent with the evidence of record. . . .

(R. 42–43) (internal citations omitted) (emphasis added). Given this analysis and for the other reasons discussed in her decision, the ALJ found that the Plaintiff could engage in light work subject to certain restrictions not relevant here. (R. 33–49).

The Plaintiff now argues that the ALJ's mischaracterization of Dr. Burns's opinion relative to the Plaintiff's sitting restriction fatally undermined both the ALJ's RFC determination and a hypothetical she presented to the VE. (Doc. 16 at 11–13). The Plaintiff further contends that because of these errors, the ALJ also did not

9

properly address the supportability and consistency factors in her decision. *Id.* The Court agrees.

It is uncontested as an initial matter that the ALJ inaccurately described Dr. Burns's opinion with respect to the length of time the Plaintiff could sit. (R. 42, 90); (Doc. 19 at 8–12). It is also apparent from a fair reading of the ALJ's decision that she carried this mistake forward in evaluating the contours of the Plaintiff's RFC. (R. 42–43). As noted above in this respect, the ALJ incorrectly stated at step four that *both* Drs. Burns and Scanameo opined that the Plaintiff could sit for approximately six hours and then incorporated this limitation into her RFC by finding the Plaintiff capable of light work. (R. 42–43). The ALJ additionally incorporated this sitting restriction into her hypothetical to the VE. (R. 1186).

That the ALJ made a mistake does not end the inquiry, however. The Eleventh Circuit has explained that if an ALJ misinterprets a medical assessment, that error will be deemed harmless if the assessment does not contradict the ALJ's subsequent conclusion. *See D'Andrea v. Comm'r of Soc. Sec. Admin.*, 389 F. App'x 944, 948 (11th Cir. 2010) (per curiam) ("[A]lthough the ALJ misconstrued the psychologists' findings, the misconstruction was harmless, as the psychologists' findings do not contradict the ALJ's conclusion that [the claimant] did not have a severe impairment.").

The problem here for the Commissioner is that the ALJ's misreading of Dr. Burns's opinion that the Plaintiff could sit for six rather than five hours does conflict with the ALJ's conclusion that the Plaintiff can engage in light work. To see why this

is so, it is necessary to review the Regulations and other pertinent authority governing the sitting limitations for light work. Under the applicable Regulation, light work is defined as involving, among other elements, "a good deal of walking or standing" or "sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b); *see also* Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *5–6 (S.S.A. 1983) (providing similar restrictions on standing, walking, and sitting for light work). Importantly, where the SSA deems a claimant to be capable of light work, it also deems the claimant to be able to perform sedentary work, "unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b). Sedentary work, in turn, requires an ability to sit for approximately six—not five—hours. *Siverio v. Comm'r of Soc. Sec.*, 461 F. App'x 869, 872 (11th Cir. 2012) (per curiam) ("Because sedentary work generally requires being able to sit for approximately six hours total in an eight-hour workday, [the medical provider's] assessments [that the claimant could only sit for five hours] suggested that [the claimant] may not be capable of sedentary work.") (internal citations omitted); SSR 96-9p, 1996 WL 374185, at *3 (S.S.A. July 2, 1996) ("The ability to perform the full range of sedentary work" involves "[s]itting [that] would generally total about [six] hours of an [eight]-hour workday."); SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983) (stating that a full range of sedentary work means "walking and standing are required occasionally. . . . Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than about [two] hours of an [eight]-hour

11

workday, and sitting should generally total approximately [six] hours of an [eight]-hour workday.").

In light of the fact that Dr. Burns's five hour sitting limitation conflicts with the ALJ's finding that the Plaintiff can engage in light work, the ALJ's error is not harmless. Reversal and remand is thus warranted. *See Pierce v. Comm'r of Soc. Sec.*, 2022 WL 2197166, at *4 (M.D. Fla. June 20, 2022) ("Considering the ALJ mischaracterized [the] medical opinion (on which he heavily relied), substantial evidence does not support the ALJ's RFC formulation or the hypothetical posed to the VE."); *Harris v. Saul*, 2020 WL 5700775, at *4 (M.D. Fla. Sept. 24, 2020) (reversing and remanding where the ALJ misinterpreted a medical opinion and then relied on that misunderstanding to craft the RFC); *Ritter v. Comm'r of Soc. Sec.*, 2018 WL 794786, at *3 (M.D. Fla. Jan. 19, 2018) (finding reversible error where the ALJ misstated a medical opinion and then assigned the claimant an RFC that directly conflicted with the opinion), *report and recommendation adopted*, 2018 WL 783718 (M.D. Fla. Feb. 8, 2018) ; *Pastor v. Astrue*, 2012 WL 1898632, at *2 (M.D. Fla. May 1, 2012) (concluding that the ALJ committed reversible error by mistakenly construing the state agency medical consultant as having opined that the claimant could perform light work), *report and recommendation adopted*, 2012 WL 1925655 (M.D. Fla. May 23, 2012).

The ALJ's evaluation of Dr. Burns's opinion is fatally flawed for a related reason as well. Since the ALJ wrongly found that Dr. Burns's assessment of the Plaintiff's ability to sit cohered with that rendered by Dr. Scanameo, the ALJ did not engage in a proper supportability and consistency analysis regarding these opinions,

12

especially with respect to Dr. Burns. The ALJ's failure to address these important factors in this context presents an independent ground for reversal and remand. *Brown v. Comm'r of Soc. Sec.*, 2021 WL 2917562, at *4 (M.D. Fla. July 12, 2021) (noting that to the extent medical sources offered opinions on a claimant's functional limitations, the new Regulations mandate that the ALJ "consider those opinions, assess their persuasiveness, and *explain* his decision, particularly with respect to supportability and consistency," and that an ALJ's failure to do so "requires reversal and remand") (collecting cases).

In an effort to avoid this outcome, the Commissioner asserts—without any supporting authority—that the ALJ's decision can be upheld because the ALJ "correctly read the more recent" opinion by Dr. Scanameo that the Plaintiff could sit for six hours. (Doc. 19 at 9). Although somewhat unclear, the Commissioner appears to suggest that Dr. Scanameo's recommendation was more persuasive because it was issued at a later date. This contention fails.

It is well settled that the Court can rely only on what an ALJ has set forth in her decision, not on post-hoc rationalizations offered by the Commissioner on appeal. *Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 872 (11th Cir. 2012) (per curiam) ("We cannot affirm based on a post hoc rationale that 'might have supported the ALJ's conclusion.'") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam)); *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (per curiam) (same). And here, the ALJ did not distinguish Dr. Burns's sitting limitation from Dr. Scanameo's on this basis. (R. 42–43). Indeed, the ALJ viewed the two

13

assessments as consistent with each other. *See Brown*, 2021 WL 2917562, at *4 (rejecting the Commissioner's assertion that the ALJ did not consider a physician's assessment to be a medical opinion on the ground that it was a post-hoc rationalization aimed at explaining away the ALJ's failure to address the opinion).

The Commissioner also contends that the ALJ otherwise considered the entire record and properly determined the Plaintiff's RFC. (Doc. 19 at 11–12). This argument is unavailing as well. The Court cannot sustain the ALJ's disability determination without re-weighing the evidence given Dr. Burns's assessment that the Plaintiff could only sit for five hours, which—as alluded to above—could have precluded even sedentary work. *See Wilkerson v. Colvin*, 2015 WL 3827105, at *6 (S.D. Ga. June 18, 2015) (explaining that the court could not conclude that the ALJ's decision was supported by substantial evidence where the "ALJ made findings that coincided with the findings of one set of [s]tate [a]gency consultants without so much as an acknowledgment of another set of [s]tate [a]gency opinions that reached a different conclusion on a pivotal point"). Given these deficiencies, the Court is unable to engage in a meaningful review of the matter. *Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) (per curiam) ("The ALJ must state the grounds for his decision with clarity to enable [a court] to conduct meaningful review.").

Based upon the foregoing, the Court need not address the Plaintiff's remaining challenges. *See McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (finding that there was no need to analyze any additional issues because the case was reversed due to other dispositive errors); *Demenech v. Sec'y of Dep't*

14

*of Health & Hum. Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (declining to discuss the claimant's remaining arguments due to the conclusions reached in remanding the action); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (stating that where remand is required, it may be unnecessary to review other claims raised) (citations omitted). On remand, however, the ALJ must consider the entirety of the record evidence in accordance with the governing case law and the applicable regulatory provisions in assessing the Plaintiff's impairments. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (noting that the ALJ must evaluate the whole record on remand).

## IV.

In light of all the above, it is hereby ORDERED:

1. The Commissioner's decision is reversed, and the case is remanded for further proceedings before the Commissioner consistent with this Order.

2. The Clerk is directed to enter Judgment in the Plaintiff's favor and to close the case.

3. The Court reserves jurisdiction on the matter of costs pending a further motion.

SO ORDERED in Tampa, Florida, this 20th day of March 2024.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record